UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
GARY KURIMSKY                                :
                                             :
        Plaintiff                            :
                                             :
v.                                           :           3:15-cv-00866-MPS
                                             :
CITIMORTGAGE, ET AL.    :
                                             :
        Defendants.                          :           September 9, 2015
---------------------------------------------------------x

**MOTION TO DISMISS THE COMPLAINT AGAINST
DEFENDANT, HUNT LEIBERT JACOBSON, P.C.**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendant Hunt Leibert Jacobson, P.C. (the "Defendant") hereby respectfully move to dismiss,

with prejudice, the Complaint filed by the Plaintiff, Gary Kuimsky (the "Plaintiff").  As more

fully set forth in the accompanying memorandum of law, by this action, the Plaintiff seeks to

invalidate a state court foreclosure after the Connecticut Superior Court entered an order

granting a judgment of strict foreclosure.

The Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  Before this action

was commenced, the State Court issued a judgment of strict foreclosure against the Plaintiff.

The Plaintiff now seeks a review and reversal of that state court judgment by this Court.  The

Plaintiff's claims are also barred against the Defendant pursuant to the state law doctrine of

absolute litigation immunity.  Further, the Plaintiff's claims, even if liberally construed, fail to

assert any cause of action against the Defendant.

In addition to the below the arguments, HLJ adopts the arguments set forth in Citi's

Motion to Dismiss and Supporting Memorandum of Law filed on July 8, 2015.  In support of

this Motion to Dismiss, an accompanying memorandum of law has been filed by the Defendant.

   **WHEREFORE,** for the reasons set forth herein and in the accompanying memorandum of law, the Defendant respectfully request that the Court dismiss the Complaint, with prejudice.

          Respectfully submitted,

          **HUNT LEIBERT JACOBSON, P.C.**


          By: /s/Christopher J Picard
             Christopher J Picard (CT22532)
             50 Weston Street
             Hartford, CT  06120
             Tel.:  (860) 241-1615
             Fax:  (860) 241-1715
             E-Mail:  cpicard@huntleibert.com

          Attorneys for Hunt Leibert Jacobson, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, a copy of the foregoing Motion to Dismiss

was served by mail on anyone unable to accept electronic filing as set forth below.  Notice of

this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail to Gary Kurimsky as indicated below and on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

Gary Kurimsky
268 Hammerton Road
Monroe, CT 06468

By:  /s/Christopher J Picard
Christopher J Picard (CT22532)
50 Weston Street
Hartford, CT  06120
Tel.:  (860) 241-1615
Fax:  (860) 241-1715
E-Mail:  cpicard@huntleibert.com

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR.  WE ARE
ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.  HOWEVER, IF YOU ARE IN BANKRUPTCY OR
RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION
IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT
IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE
COLLATERAL PROPERTY.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------------------------x
GARY KURIMSKY                       :
                                    :
        Plaintiff                   :
                                    :
v.                                  :        3:15-cv-00866-MPS
                                    :
CITIMORTGAGE, ET AL.    :
                                    :
        Defendants.                 :        September 9, 2015
---------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THE COMPLAINT AGAINST
## DEFENDANT, HUNT LEIBERT JACOBSON, P.C.

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

Defendants Hunt Leibert Jacobson, P.C. ("HLJ") submit this memorandum of law in support of

its motion to dismiss the Complaint filed by the Plaintiff, Gary Kurimsky (the "Plaintiff").

More specifically, the Defendant respectfully submits that the Motion to Dismiss should be

granted on the grounds that all of the Plaintiff's claims are barred by the *Rooker-Feldman*

doctrine and pursuant to the state law doctrine of absolute litigation immunity.  Additionally,

the Complaint should be dismissed as against the Defendant because the Plaintiff's claims,

even if liberally construed, fail to assert any cause of action against the Defendants.

### FACTS

On or about May 29, 2009, CitiMortgage, Inc. ("Citi"), a co-defendant in the instant

action, commenced a foreclosure action in the Connecticut Superior Court for the Judicial

District of Fairfield at Bridgeport, bearing docket number FBT-CV-09-6003098-S (the

"Foreclosure"), against, among others, the Plaintiff.  HLJ was retained as counsel to represent Wells and to prosecute the Foreclosure.

The Plaintiff appeared in the Foreclosure.  The Plaintiff also actively participated in the Foreclosure, including participating in the State's foreclosure mediation program.  On September 6, 2011, the State Court entered an order granting a motion for a judgment of strict foreclosure (the "Judgment"). The first law day was set for January 10, 2012.  However, prior to the running of law days, Gary Kurimsky filed a Chapter 7 Bankruptcy Petition.  The Foreclosure Plaintiff obtained relief from the automatic stay and, on November 13, 2012, the Court reset law days to commence on February 19, 2013.

Prior to law days running on February 19, 2013, the Defendant, through counsel, filed a motion to open and extend the law day.  That motion was granted and a new law day was set for May 21, 2013.  Prior to law days running, Paulette Kurimsky filed a Chapter 7 bankruptcy petition.  After the termination of said bankruptcy proceeding, on December 1, 2014 judgment of strict foreclosure entered again with law days set to commence on April 7, 2015.  This law day entered with counsel present at the hearing.  However, prior to the April 7, 2015 Law day, Gary Kurimsky filed another bankruptcy and an appeal.

On or about June 8, 2015, the Plaintiff commenced the instant action.  The Complaint lists several causes of action: including deprivation of rights, conversion, abuse of process, obstruction of justice, conspiracy, and fraud.

As previously set forth herein, the State Court ultimately granted a motion for judgment of strict foreclosure. As is demonstrated by the case docket for the Foreclosure, the Plaintiff never contested the entry of said judgment at any point.  Therefore, as the Judgment is a final judgment, this Court is deprived of jurisdiction over the instant action pursuant to the

*Rooker-Feldman* Doctrine.  Additionally, to the extent the Complaint asserts a cause of action against the Defendants stemming from the Foreclosure, such allegations are also jurisdictionally barred under the state law doctrine of absolute litigation immunity.  Finally, HLJ specifically incorporate the arguments set forth in Citi's July 8, 2015 motion to dismiss. As such, the Defendants respectfully submit that the Motion to Dismiss should be granted, with prejudice.

## ARGUMENT

**Standard of Review for Motions to Dismiss**

In assessing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the court 'accept[s] as true all material factual allegations in the complaint'" but "refrains from 'drawing from the pleadings inferences favorable to the party asserting [jurisdiction];".  Bush v. Nuvell Credit Co., LLC, No. 3-07-cv-182 (JCH), 2007 U.S. Dist. LEXIS 52533, at *1-*2 (D. Conn. July 20, 2007) (Hall, J.) (citing Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); Norton v. Larney, 266 U.S. 511, 515 (1925)).  The plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Id. at *2-*3 (citing Makarova v. United States, 201 F.3d, 110, 113 (2d Cir 2000)); see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).  In resolving a motion to dismiss under Rule 12(b)(1), a district court may refer to evidence outside the pleadings.  Bush, No. 3-07-cv-182 (JCH), 2007 U.S. Dist. LEXIS 52533, at *3; Makarova, 201 F.3d at 113.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova, 201 F.3d at 113.

In assessing a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court "tests only the adequacy of the complaint," Bush, No. 3-07-cv-182 (JCH), 2007 U.S. Dist. LEXIS 52533, at *3, and accepts all facts alleged in the complaint as true, draws inferences therefrom in the light most favorable to the plaintiff and construes the complaint liberally, Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Bush, No. 3-07-cv-182 (JCH), 2007 U.S. Dist. LEXIS 52533, at *3 (citing Berhheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)).  "However, 'bald assertions and conclusions of law will not suffice' to meet this pleading standard.  Id. (citing Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)); see also First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) ("the court need not accept however, "mere conclusions of law or unwarranted deductions").  "[A] plaintiff's factual allegations must be sufficient 'to state a claim to relief that is plausible on its face.'"  Malin v. XL Capital Ltd., 499 F. Supp. 2d 117, 128 (D. Conn. 2007) (Dorsey, J.) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1960 (2007)).  "Generally, district courts should decide the motion to dismiss on the complaint alone, excluding additional evidence, affidavits, exhibits, and factual allegations contained in legal briefs or memoranda.  Id. at 129 (citing Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)).  However, the Court may consider

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

Id. (citing In re Merrill Lynch & Co. Research Reports Sec. Litig., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd on other grounds*, Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935, 126 S. Ct. 421, 163 L. Ed. 2d 321 (2005); Mangiafico v. Blumenthal, 358 F. Supp. 2d 6, 9 (D. Conn. 2005) (Kravitz, J)).  A court may take judicial notice of facts that are "not  subject to reasonable dispute," such that they are "capable of accurate  and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Id. at 129-30 (citing Fed. R. Evid. 201(b)(2)); see also Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991).

When a defendant moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the Court must consider the Rule 12(b)(1) motion first.  Rhulen Agency v. Alabama Ins. Guar. Ass'n., 896 F.2d 674, 678 (2d Cir. 1990); see also Hanif v. Community Solutions, No. 3:07-CV-0880 (PCD), 2007 U.S. Dist. LEXIS 79093, at *6 (D. Conn. Oct. 25, 2007) (Dorsey, J.).

**The Plaintiff's Claims Are Barred by the Rooker-Feldman Doctrine**

The Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  As a result, it is respectfully submitted that the Court lacks subject matter jurisdiction and the instant action must be dismissed.  "The *Rooker-Feldman* doctrine effectively bars federal courts from reviewing state court judgments by stripping federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions."  Book v. Mortgage Electronic Registration Systems, Inc., 608 F. Supp. 2d 277, 288 (D. Conn. 2009) (Underhill, J.) (citing Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2d cir. 2005)); see also Bostas v. United States, 5 Fed. Appx . 69, 70 (2d Cir. 2001) ("The *Rooker-Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in

5

reversal or modification of a state court judgment"). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Second Circuit has identified a four-part test to determine whether the *Rooker-Feldman* doctrine is applicable: (1) the federal-court plaintiff must have lost in the state court; (2) the [federal-court] plaintiff must be complaining of injuries caused by a state-court judgment; (3) the [federal-court] plaintiff must be inviting the district court to review and reject that [state-court] judgment; and (4) the state-court judgment must have been rendered before the [federal-court] plaintiff commenced his federal suit." Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d at 85 (quoting Exxon Mobile Corp., 544 U.S. at 284)). Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court. See e.g., Wilson v. Deutsche Bank Nat'l Trust Co., No. 3:09-cv-620 (CFD), 2010 U.S. Dist. LEXIS 39495, at *1 (D. Conn. Apr. 20, 2010) (Droney, J.) (federal court lacked jurisdiction over an action challenging the defendant's standing to foreclose after the state court entered a judgment of strict foreclosure), *aff'd* 410 Fed. Appx. 409, 410-11 (2d Cir. 2011).

In applying the qualifying standard for the *Rooker-Feldman* doctrine to the instant action, it quickly becomes clear that the standard has been satisfied and the *Rooker-Feldman* doctrine applies to bar the Plaintiff's claims herein. First, the State Court entered an order (e.g., the Judgment) granting the motion for a judgment of strict foreclosure. In fact, the Plaintiff never contested the entry of judgment at the State Court level. Therefore, it is clear

that the Plaintiff lost in the State Court.  Second, the Plaintiff's Complaint complains of alleged injuries allegedly caused by the State Court's judgment.  This is evident by looking at the Plaintiff's Complaint herein, which, in reference to HLJ, continually references the underlying State Court foreclosure action.  Third, the Plaintiff invites this Court to review and reject the State Court's Judgment by seeking exorbitant monetary awards and free and clear title to the subject property and voiding the foreclosure.  Finally, the State Court's Judgment was rendered prior to the commencement of the instant action by the Plaintiff.  As previously set forth herein, the Judgment was rendered on September 6, 2011.  Based on the foregoing, it is clear that the standard for the application of the *Rooker-Feldman* doctrine has been satisfied and the doctrine applies in this action.  Therefore, the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  As a result, it is respectfully submitted that the Court lacks subject matter jurisdiction and the motion to dismiss should be granted, and the instant action dismissed, as to the Defendant.

**The Claims are Barred by the State Law Doctrine of Absolute Litigation Immunity**

In addition to the being barred pursuant to the *Rooker-Feldman* doctrine, the Plaintiff's claims are also barred pursuant to the state law doctrine of absolute litigation immunity. Therefore, it is respectfully submitted that the Court lacks subject matter jurisdiction and the instant action should be dismissed.

Connecticut law provides an absolute immunity from lawsuits directed towards opposing litigants or counsel for actions taken in the scope of representation of a client in litigation.  "It has long been established that there is an absolute privilege for statements made in judicial proceedings."  Petyan v. Ellis, 200 Conn. 243, 245 (1986) (citing Briscoe v. LaHue, 460 U.S. 325, 331-32, 103 S. Ct. 1108 (1983); Blakeslee & Sons v. Carroll, 64 Conn. 223, 232,

7

29 A. 473 (1894))  Further, "[t]here is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged  so long as they are in some way pertinent to the subject of the controversy."  Id., at 245-46 (internal quotations and citations omitted); see also Gallo v. Barile, 284 Conn. 459, 466 (2007) ("It is  well  settled that communications uttered or published in the course of judicial proceedings are absolutely privileged [as] long as they are in some way pertinent to the subject of the controversy"); Hopkins v. O'Connor, 282 Conn. 821, 830-31 (2007).   "The effect of an absolute privilege is that damages cannot be recovered for the publication of a privileged statement even if it is false and malicious."  Gallo, 284 Conn. at 466.  This privilege "extends to every step of the proceedings until final disposition."  Kelley v. Bonney, 221 Conn. 549, 566 (1992)).  "Thus, it applies to statements made in pleadings or other documents prepared in connection with a core proceeding."  Preston v. O'Rourke, 74 Conn. App. Ct. 301, 312 (2002) (citing Petyan, 200 Conn. at 251-52).  Thus, to the extent that the Plaintiff's complaint can even be remotely construed to allege any wrongdoing by the Defendants due to its role in the Foreclosure, the Defendants are entitled to immunity and cannot form the basis for any claim asserted by the Plaintiff.  See e.g., Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1302 (11th Cir. 2003) (defendant held to be entitled to absolute immunity for litigation conduct where plaintiff alleged, *inter alia*, that defendant failed to respond to or issued improper responses to discovery, gave untruthful testimony, submitted improper or obstructive motions, committed misconduct during the trial of the case, disobeyed court orders and took false litigation positions); SNET Information Services, Inc. v. Vecchitto, CV054016132, 2007 Conn. Super. LEXIS 2955, *6-*7 (Conn. Super. Ct. Nov. 6, 2007) (dismissing CUTPA counterclaim based on "representations uttered by the plaintiff" because

8

they "were essential to and published in the course of a judicial proceeding," and thus "protecting by an absolute privilege."); J&M Co. v. Whynott, CV040182710S, 2004 Conn. Super. LEXIS 2827, *3-*6 (Conn. Super. Ct. Sept. 22, 2004) (CUTPA claim barred where based on same alleged defamatory communications covered by absolute litigation privilege).

Additionally, the Connecticut Appellate Court has reaffirmed the immunity from suit enjoyed by lawyers acting within the scope of representation of a client in litigation.

> The doctrine of absolute immunity as applied to statements made in the context of judicial and quasi-judicial proceedings is rooted in the public policy of encouraging witnesses, both complaining and testimonial, to come forward and testify in either criminal or civil actions. The purpose of affording absolute immunity to those who provide information in connection with judicial and quasi-judicial proceedings is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false or malicious statements.

Simms v. Seaman, 129 Conn. App. 651, 666-67 (2011) (citing Chadha v. Charlotte Hungerford Hosp., 272 Conn. 776, 786 (2005); Petyan, 200 Conn. at 246. The Appellate Court further stated that

> [w]ere a cause of action for fraud against opposing counsel for alleged acts or omissions during the course of litigation permitted, it is foreseeable that in virtually every case a lawyer would know something about his client or the case that the opposing party would think is important to the case. If opposing counsel is not protected by immunity . . . there would be little to no disincentive to stop a disgruntled or unhappy opposing party from suing counsel for fraud for failing to disclose this information.

Id. at 672. As a result, the Appellate Court affirmed the lower court and held that the lawyers being sued were entitled to absolute immunity. Id. at 661 ("[t]he trial court, however, in deciding defendants' motions to strike, has determined that such claims are barred by the doctrine of absolute immunity. We agree.").

Therefore, based on the foregoing, any of the Plaintiff's claims that could even be remotely construed as against the Defendant out of the state court foreclosure action, in general cannot form the basis of any cause of action in this Court.  Further, it should be noted that the Plaintiff, at no point during the pendency of the State Court action, contested the entry of judgment nor did he file a defense,   Accordingly, the Defendants respectfully submit that the Court lacks jurisdiction to grant any relief for allegations that might be construed as having been asserted against the Defendant.  Therefore, it is respectfully submitted that the Court lacks subject matter jurisdiction and the motion to dismiss should be granted, and the instant action dismissed, as to the Defendant, HLJ.

**Additional Arguments**

The Defendant, HLJ, hereby adopts and incorporates by reference the arguments set forth in Section IV of Citi's and MERS' Motions to Dismiss, both dated September 2, 2015.

**CONCLUSION**

Based on the foregoing, the Defendants respectfully submit that this Court lacks subject matter jurisdiction to consider the claims asserted by the Plaintiff, and that the Complaint fails to state a claim upon which relief can be granted as to the Defendant.  As a result, it is

respectfully submitted that the motion to dismiss should be granted and the instant action

dismissed as to the Defendants.

**HUNT LEIBERT JACOBSON, P.C.**


By:  /s/Christopher J Picard
         Christopher J Picard (CT22532)
         50 Weston Street
         Hartford, CT  06120
         Tel.:  (860) 241-1615
         Fax:  (860) 241-1715
         E-Mail:  cpicard@huntleibert.com

## <u>CERTIFICATION</u>

I hereby Certify that on September 9, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  This will further certify that a copy of the foregoing has been mailed, postage prepaid, of even date herewith to the following:

Gary Kurimsky
268 Hammerton Road
Monroe, CT 06468


By:  /s/Christopher J Picard
Christopher J Picard (CT22532)
50 Weston Street
Hartford, CT  06120
Tel.:  (860) 241-1615
Fax:  (860) 241-1715
E-Mail:  cpicard@huntleibert.com

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR.  WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.